Jeffrey I. Golden, State Bar No. 133040
jgolden@wgllp.com
Faye C. Rasch, State Bar No. 253838
frasch@wgllp.com
**WEILAND GOLDEN GOODRICH LLP**
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Telephone    714-966-1000
Facsimile    714-966-1002

Attorneys for Chapter 7 Trustee
Thomas H. Casey

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re<br><br>ANDREA STEINMANN DOWNS,<br><br>　　　　　　Debtor.<br><br>THOMAS H. CASEY, Chapter 7 Trustee,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>LORA RAE STEINMANN, HEINZ H. STEINMANN, ERIC STEINMANN, MARY (SYPKENS) STEINMANN, JOHN STEINMANN, TESSIE (STAPLETON) STEINMANN, KATY (BELKNAP) STEINMANN, HEINZ STEINMANN, JEFF STEINMANN, TOM STEINMANN, SUSIE (WILSON) STEINMANN.<br><br>　　　　　　Defendant. | Case No. 8:16-bk-12589-CB<br><br>Chapter 7<br><br>**COMPLAINT:**<br><br>**(1) TO AVOID AND RECOVER FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §§ 548(a)(1)(A), 544(b) AND 550;**<br>**(2) FOR IMPOSITION OF A RESULTING TRUST;**<br>**(3) FOR DECLARATORY RELIEF;**<br>**(4) FOR PRESERVATION OF THE TRANSFER FOR THE BENEFIT OF THE ESTATE;**<br>**(5) FOR ATTORNEYS' FEES AND COSTS** |

**TO DEFENDANTS AND THEIR COUNSEL:**

Thomas H. Casey, the duly appointed, qualified and acting Chapter 7 trustee ("Trustee") for the bankruptcy estate ("Estate") of Andrea Steinmann Downs ("Debtor"), hereby files this

1173608.1                                                                                                                          COMPLAINT

complaint: (1) to Avoid and Recover Fraudulent Transfers Pursuant to 11 U.S.C. §§ 548(a)(1)(A), 544(b) and 550; (2) for imposition of a resulting trust; (3) for Declaratory Relief; (4) for preservation of the Transfer for the benefit of the Estate (5) for Attorneys' Fees and Costs ("Complaint") against the above captioned defendants ("Defendants"), and alleges that:

## STATEMENT OF JURISDICTION AND VENUE

1. The Bankruptcy Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334 and 11 U.S.C. §§ 105, 323, 544, 548, 550 and 551. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (E) and (O).

2. The Bankruptcy Court has constitutional jurisdiction to enter a final judgment in this adversary proceeding.

3. Venue properly lies in this judicial district in that the civil proceeding arises under title 11 of the United States Code as provided in 28 U.S.C. § 1409.

4. This adversary proceeding arises out of and relates to the case entitled *In re Andrea Steinmann Downs,* Case No. 8:16-bk-12589-CB, filed on June 19, 2016 (the "Bankruptcy Case"), and currently pending in the United States Bankruptcy Court, Central District of California, Santa Ana Division.

5. This is an adversary proceeding for avoidance and recovery of fraudulent transfers pursuant to 11 U.S.C. §§ 548(a)(1)(A), (B), and 550, for avoidance of transfer pursuant to 11 U.S.C. § 544(a)(3), for preservation of transfers pursuant to § 551, for declaratory relief, for imposition of resulting trust, for declaratory relief, and for attorneys' fees and costs.

## STATEMENT OF STANDING

6. Debtor filed her Chapter 11 bankruptcy petition on June 19, 2016 ("Petition Date").

7. The case was converted to one under chapter 7 by order entered on September 7, 2017.

8. The Trustee was subsequently appointed as the duly qualified and acting Chapter 7 trustee of Debtor's Estate.

9. The Trustee has standing to bring this action pursuant to 11 U.S.C. §§ 544, 548, 550 and 551.

**PARTIES TO THE ACTION**

10. The Plaintiff is the duly appointed, qualified, and acting chapter 7 trustee of the Debtor's bankruptcy estate ("Estate"). The Plaintiff brings this action solely in his capacity as the chapter 7 trustee. To the extent that the Plaintiff hereby asserts claims under 11 U.S.C. § 544(b), the Plaintiff is informed and believes and, on that basis alleges thereon, that there exists in this case one or more creditors holding unsecured claims allowable under 11 U.S.C. § 502 or that are not allowable only under 11 U.S.C. § 502(e) who could have avoided the respective transfers or obligations under other applicable law before the Debtor's petition was filed.

11. The Plaintiff was appointed after the conversion of the Bankruptcy Case. As a result, the Plaintiff may not have personal knowledge of certain facts alleged in this Complaint that occurred prior to his appointment and, to the extent that is the case, the Plaintiff alleges all such facts on information and belief. To the extent the Plaintiff may not have personal knowledge of any other facts alleged herein, whether relating to acts and events before or after his appointment, all such facts are alleged on information and belief. The Plaintiff reserves the right to amend this Complaint to allege additional claims against one or more of the above-captioned defendants, to challenge, avoid, and/or recover transfers other than and in addition to those alleged in this Complaint, to name additional defendants, and to otherwise amend this Complaint.

12. The Plaintiff is informed and believes, and based thereon alleges, that Lora Rae Steinmann ("Lora") is an individual residing at 5797 Cedar Street, Wrightwood, California 92397. Lora is Debtor's mother.

13. The Plaintiff is informed and believes, and based thereon alleges, that Heinz Steinmann ("Heinz") is an individual residing at 5797 Cedar Street, Wrightwood, California 92397. Heinz is the Debtor's father.

14. The Plaintiff is informed and believes, and based thereon alleges, that Eric Steinmann ("Eric") is an individual residing in Wrightwood, California.

Weiland Golden Goodrich LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

15. The Plaintiff is informed and believes, and based thereon alleges, that Mary Sypkens Steinmann ("Mary") is an individual residing in Wrightwood, California.

16. The Plaintiff is informed and believes, and based thereon alleges, that John Steinmann ("John") is an individual residing in California.

17. The Plaintiff is informed and believes, and based thereon alleges, that Tessie Stapleton Steinmann ("Tessie") is an individual residing in San Luis Obispo, California.

18. The Plaintiff is informed and believes, and based thereon alleges, that Katy Belknap Steinmann ("Katy") is an individual residing in Wrightwood, California.

19. The Plaintiff is informed and believes, and based thereon alleges, that Heinz Steinmann ("Hienz Jr.") is an individual residing in Wrightwood, California.

20. The Plaintiff is informed and believes, and based thereon alleges, that Jeff Steinmann ("Jeff") is an individual residing in Wrightwood, California.

21. The Plaintiff is informed and believes, and based thereon alleges, that Tom Steinmann ("Tom") is an individual residing at 412 Beverly Drive, Redlands, California.

22. The Plaintiff is informed and believes, and based thereon alleges, that Susie (Wilson) Steinmann ("Susie") is an individual residing at 1045 Via Di Felicita, Encinitas, California 92024.

23. The Plaintiff is informed and believes, and based thereon alleges, that Susie, Eric, Mary, John, Tessie, Katy, Heinz Jr., Jeff and Tom are the Debtor's siblings (hereinafter "Siblings").

24. The Internal Revenue Service is one of the Debtor's creditors ("IRS Claim").

**GENERAL ALLEGATIONS**

25. Plaintiff incorporates each and every allegation contained in paragraphs 1 through 24 as though fully set forth herein.

26. The Plaintiff is informed and believes, and based thereon alleges, that just prior to the Petition Date, the Debtor was the beneficiary of her parents' trust (the "Trust").

27. The Plaintiff is informed and believes, and based thereon alleges, that assets were contributed to the Trust by her parents, including, but not limited to real property, investments,

checking and savings accounts and other personal property having an unknown value (collectively the "Trust Assets").

28. The Plaintiff is informed and believes and based thereon alleges, that the Debtor's unqualified right to receive the value of the Trust Assets rendered the inheritance "property" or "rights to property" belonging to the Debtor.

29. The Plaintiff is informed and believes and based thereon alleges, that on the Petition Date, the Trust Assets were assets of the Estate.

30. The Plaintiff is informed and believes, and based thereon alleges, that just prior to the Petition Date, on May 2, 2016, in accordance with the First Amendment To The Steinmann Trust, the Debtor was disowned by Defendants which constituted a transfer (the "Transfer") of the Trust Assets and an attempt to channel assets away from the Estate.

31. The Plaintiff is informed and believes and based thereon alleges, that the Transfer was made by the Defendants for the express purpose of preventing the Estate's creditors access to the Trust Assets.

32. The Plaintiff is informed and believes and based thereon alleges, that the Debtor's interest in the Trust Assets may have reverted to her Siblings.

## FIRST CLAIM FOR RELIEF

### (To Avoid Transfer Pursuant to 11 U.S.C. § 544(b)(1))

33. The Plaintiff incorporates each and every allegation contained in paragraphs 1 through 32, inclusive, as though fully set forth herein.

34. The Plaintiff is informed, believes, and alleges that Trustee may avoid any interest of the Debtor in property that is voidable under applicable law by a creditor holding an unsecured claim.

35. The IRS is an unsecured creditor that may avoid the Transfer in accordance with the Federal Debt Collection Procedures Act ("FDCPA").

36. The FDCPA allows the avoidance of fraudulent transfers by those owing a debt to the United States if the Debtor does not receive reasonably equivalent value for the transfer and the debtor is insolvent at the time of the transfer. 28 U.S.C. § 3304(a).

37.  The FDCPA defines property of the debtor to include "any present or future interest, whether legal or equitable, in real, personal (including choses in action), or mixed property, tangible or intangible, vested or contingent, wherever located and however held (including community property and property held in trust...." 28 U.S.C. §3002(12).

38.  The FDCPA defines transfer as "every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with an asset or an interest in an asset, and includes payment of money, release, lease, and creation of a lien or other encumbrance." 28 U.S.C. § 3301(6).

39.  The Trustee is authorized to pursue the claim of the IRS under the FDCPA.

40.  The Plaintiff is informed, believes, and alleges that the Trust Assets constitute property of the Debtor in accordance with 28 U.S.C. § 3002(12).

41.  The Plaintiff is informed, believes, and alleges that the Transfer constituted a mode of disposing of or parting with an asset or an interest in an asset pursuant to 28 U.S.C. § 3301(6).

42.  The Plaintiff is informed, believes, and alleges the Defendant made the Transfer without the Debtor receiving reasonably equivalent value in exchange for the transfer or obligation.

43.  The Plaintiff is informed, believes, and alleges that the Debtor was insolvent at that time or the Debtor became insolvent as a result of the transfer or obligation.

44.  By reason of the foregoing, the Transfer is voidable, the Plaintiff is entitled to set aside the Transfer pursuant to 11 U.S.C. § 544(b)(1), and the Plaintiff is entitled to recover the Transfer or the value of the Transfer for the benefit of the Estate pursuant to 11 U.S.C. § 550.

## SECOND CLAIM FOR RELIEF

### (For Imposition of Resulting Trust)

45.  Plaintiff incorporates each and every allegation contained in paragraphs 1 through 44, inclusive, as though fully set forth herein.

46.  Plaintiff is informed, believes, and alleges that at the time of the Transfer, Debtor intended and agreed that the beneficial interest in the Trust Assets would be held by Defendants for the benefit of the Debtor. Accordingly, Defendants hold title to the Trust Assets in trust for the Debtor and currently hold title in the Trust Assets in trust for the benefit of the Estate.

47. By reason of the foregoing, Plaintiff is entitled to the imposition of a resulting trust on the Trust Assets and an order declaring title in the Trust Assets to be in the name of the Trustee for the benefit of the Estate.

### THIRD CLAIM FOR RELIEF

**(For Declaratory Relief)**

48. Plaintiff incorporates each and every allegation contained in paragraphs 1 through 47, inclusive, as though fully set forth herein.

49. An actual controversy exists between Plaintiff and Defendants concerning their respective rights and interests in the Trust Assets.

50. Plaintiff requests a judicial declaration that the Trust Assets are property of the Estate.

### FOURTH CLAIM FOR RELIEF

**(To Preserve Transfers for the Benefit of the Estate Pursuant to 11 U.S.C. § 551)**

51. Plaintiff incorporates each and every allegation contained in paragraphs 1 through 50, inclusive, as though fully set forth herein

52. Pursuant to 11 U.S.C. § 551, the Transfer is preserved for the benefit of the Estate as the Transfer is avoidable under 11 U.S.C. §§ 544, 548 and 550 as set forth above.

### FIFTH CLAIM FOR RELIEF

**(For Award of Attorneys' Fees and Costs Pursuant to Rule 7008(b))**

53. Plaintiff incorporates each and every allegation contained in paragraphs 1 through 52, inclusive, as though fully set forth herein.

54. Based on the foregoing allegations, Plaintiff is entitled to reasonable attorneys' fees and costs resulting from bringing the instant action.

**WHEREFORE**, Trustee prays that this Court enter a judgment against Defendants as follows:

**On the First Claim for Relief**

Avoiding the Transfer and declaring that the Transfer be annulled and rendered void as a fraudulent transfer and for recovery of the value of the Transfer for the benefit of the Estate.

Awarding Plaintiff a money judgment against Defendants in the amount of the Transfer.

**On the Second Claim for Relief**

Imposing a resulting trust on the Trust Assets and an order declaring title in the Trust Assets to be in the name of the Trustee for the benefit of the Estate.

**On the Third Claim for Relief**

Declaring the Trust Assets to be property of the Estate.

**On the Fourth Claim for Relief**

Preserving the Transfer for the benefit of the Estate.

**On the Fifth Claim for Relief**

Awarding Plaintiff his costs and attorneys' fees incurred in this action.

**On all Claims for Relief**

1. For Plaintiff's costs and attorneys' fees incurred in this action;

2. For pre-judgment and post-judgment interest at the maximum legal rate; and

3. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: September 6, 2018                    WEILAND GOLDEN GOODRICH LLP


By: */s/Jeffrey I. Golden*
    JEFFREY I. GOLDEN
    FAYE C. RASCH
    Counsel for Chapter 7 Trustee
    Thomas Casey