Justin S. Draa, SBN 253688
DiBENEDETTO, LAPCEVIC & DRAA LLP
1101 Pacific Ave., suite 320
Santa Cruz, California 95060
Telephone: (831) 325-2674
Facsimile: (831) 477-7617
jdraa@dld-law.com

Attorneys for Defendants
LORA RAE STEINMANN; HEINZ H.
STEINMANN; ERIC STEINMANN,
SUSANNA STEINMANN WILSON;
THOMAS STEINMANN; JOHN
STEINMANN; MARY STEINMANN
SYPKENS; TERESA STEINMANN
STAPLETON; KATY STEINMANN
BELKNAP; JEFF STEINMANN; and HEINZ
J. STEINMANN

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION

| | |
|---|---|
| In re | Case No. 8:16-bk-12589-SC |
| ANDREA STEINMANN DOWNS, | Chapter 7 |
| Debtor. | Adv. No. 8:18-ap-01168-SC |
| THOMAS H. CASEY, Chapter 7 Trustee for the bankruptcy estate of Andrea Steinmann Downs, | NOTICE OF MOTION AND MOTION FOR SANCTIONS PURSUANT TO THE COURT'S INHERENT AUTHORITY; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ERIC STEINMANN IN SUPPORT |
| Plaintiff, | |
| v. | |
| LORA RAE STEINMANN, HEINZ H. STEINMANN, ERIC STEINMANN, MARY (SYPKENS) STEINMANN, JOHN STEINMANN, TESSIE (STAPLETON) STEINMANN, KATY (BELKNAP) STEINMANN, HEINZ STEINMANN, JEFF STEINMANN, TOM STEINMANN, AND SUSIE (WILSON) STEINMANN, | Date:   September 2, 2021<br>Time:   11:00a.m.<br>Place:   Courtroom 5C (In Person)<br>Ronald Reagan Federal Building and<br>United States Courthouse<br>411 West Fourth Street<br>Santa Ana, California 92701 |
| Defendants. | |

**TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE, THOMAS H. CASEY, CHAPTER 7 TRUSTEE, HAUSMAN HOLDINGS, LLC, DAVID MOELLENHOFF, AND PAMELA MOELLENHOFF, *AND TO EACH OF THEIR INDIVIDUAL ATTORNEYS*[1], AND ALL OTHER INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE**[2] that at **11:00a.m. on September 2, 2021,** before the Honorable Scott C. Clarkson, **in person** in Courtroom 5C, 411 West Fourth Street, Santa Ana, California 92701- 4593, the above-captioned Defendants, LORA RAE STEINMANN, HEINZ H. STEINMANN,    ERIC STEINMANN, SUSANNA STEINMANN WILSON, THOMAS STEINMANN,    JOHN    STEINMANN,    MARY    STEINMANN    SYPKENS,    TERESA STEINMANN STAPLETON, KATY STEINMANN BELKNAP, JEFF STEINMANN, and HEINZ J. STEINMANN (collectively, "Steinmann"), by and through their undersigned attorneys, will and hereby do move the Court for issuance of monetary sanctions pursuant to the Court's inherent authority in an amount of no less than $1,084.013.31, according to proof.

This Motion is brought against Plaintiff THOMAS H. CASEY, in his capacity as the Chapter 7 trustee ("Trustee") in the above-captioned bankruptcy and as Plaintiff in the above-captioned adversary case, *and* against his counsel. The Motion is also brought against creditors HAUSMAN HOLDINGS, LLC, DAVID MOELLENHOFF, and PAMELA MOELLENHOFF (collectively, the "Intervening Creditors") *and* their legal counsel, which Intervening Creditors financed and participated in the Trustee's 'scorched-earth' pursuit of frivolous claims brought in

---

[1] The Chapter 7 Trustee is represented by attorneys Jeffrey Golden, Faye Rasch, and Ryan Beall of the law firm Weiland Golden Goodrich LLP.    Hausman Holdings, LLC, David Moellenhoff, and Pamela Moellenhoff were, at all relevant times, represented by attorneys Hamid Rafatjoo (Raines Feldman LLP, formerly with Venable LLP), Richard Pachulski (Pachulski Stang Ziehl & Jones), and Alan Kessel (Pepper Hamilton LLP).

[2] Moving Parties have also filed a separately pending motion for sanctions against the Trustee and the intervening creditors pursuant to Rule 9011, which will be heard at the same time as the instant motion. <u>NOTE WELL</u>:  Per the Court's July 13, 2021, Order Continuing Hearing, Requiring In-Person Appearances and Establishing Briefing Schedule [Doc. No. 319], moving party is informed and believes that all appearances shall be made in-person; no virtual or telephonic appearances shall be permitted without prior approval of the Court.

MOTION FOR SANCTIONS PURSUANT TO THE COURT'S INHERENT AUTHORITY

1  bad faith and recklessly pursued for more than two years.

2      **PLEASE TAKE FURTHER NOTICE THAT** this Motion is based on this written

3  Notice; the Accompanying Memorandum of Points and Authorities, Declaration of Eric

4  Steinmann; the concurrently to-be-heard Rule 9011 Motion, Memorandum of Points and

5  Authorities and Eric Steinmann Declaration submitted in support thereof; the Court's files and

6  records in this case and the main bankruptcy case and related adversary proceeding(s); and on such

7  other evidence and argument as may properly come before the Court at the time of hearing.

8

9  Dated:  July 27, 2021                    DIBENEDETTO, LAPCEVIC & DRAA LLP

10

11                                          By: _____
                                            Justin S. Draa, Attorney for Defendants
12                                          LORA RAE STEINMANN; HEINZ H.
                                            STEINMANN; ERIC STEINMANN,
13                                          SUSANNA STEINMANN WILSON; THOMAS
                                            STEINMANN; JOHN STEINMANN; MARY
14                                          STEINMANN SYPKENS; TERESA
                                            STEINMANN STAPLETON; KATY
15                                          STEINMANN BELKNAP; JEFF
                                            STEINMANN; and HEINZ J. STEINMANN
16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION FOR SANCTIONS PURSUANT TO THE COURT'S INHERENT AUTHORITY

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>TABLE OF CONTENTS</u>

### MEMORANDUM OF POINTS AND AUTHORITIES

**1.** INTRODUCTION ..................................................................................................5

**2.** BACKGROUND ..................................................................................................5

**3.** ARGUMENT ....................................................................................................12

    A.     Bankruptcy Court's Inherent Authority to Sanction Bad Faith Conduct....................13

          **i.**     Frivolousness. ..............................................................................14

          **ii.**    Recklessness. ................................................................................15

          **iii.**   Improper Purpose. .........................................................................16

    B.     Counsel May be Sanctioned for Bad Faith Conduct....................................17

    C.     Sanctions Under Rule 9011 Do Not Preclude Imposition of Sanctions Under the Court's Inherent Authority..........................................................................18

    D.     Sanctions are Appropriate Under the Local Bankruptcy Rules...................................19

**4.** SANCTIONS REQUEST .....................................................................................20

**5.** CONCLUSION...................................................................................................21

MOTION FOR SANCTIONS PURSUANT TO THE COURT'S INHERENT AUTHORITY

# <u>TABLE OF AUTHORITIES</u>

## <u>Cases</u>

*Anwar v. Johnson*,

   720 F.3d 1183, 1189 (9th Cir. 2013) ........................................................................... 20

*Chambers v. NASCO, Inc.*,

   501 U.S. 32, 43-45 (1991) ........................................................................................... 19

*Cunningham v. Jacobson* (*In re Jacobson*), 2009 WL 7751428, at 15 (9th Cir. BAP 2009)............. 13

*Fink v. Gomez*, 239 F.3d 989, 992-993 (9th Cir. 2001) ................................................... 13

*In re Dyer*, 322 F.3d at 1196........................................................................................ 13

*Knupfer v. Lindblade* (*In re Dyer*), 322 F.3d 1178, 1196 (9th Cir. 2003) ......................................... 13

*Roadway Express, Inc. v. Piper*, 447 U.S. 752 (1980) ................................................... 12

## <u>Rules</u>

Fed. R. Bankr. Proc. 9011 ................................................................................................ 19

LBR 1001-1(f) ................................................................................................................... 19

LBR 9011-3(a) ................................................................................................................... 20

MOTION FOR SANCTIONS PURSUANT TO THE COURT'S INHERENT AUTHORITY

## 1.    __INTRODUCTION__

What the Plaintiff Trustee and Intervening Creditors did in this case was objectively wrong. They pooled resources to team-up with highly experienced bankruptcy litigators to abuse the adversary process against the Steinmann family in knowing disregard of the law. Through personally intrusive and irrelevant discovery exploits, Plaintiffs and their lawyers spent *years* trying to force a settlement having no relation to the merits. They might have gotten away with it, too, but for Steinmann's wherewithal to defend against such frivolous claims until eventual entry of a final judgment. Without real consequences, the offending professionals are all but certain to pursue similar 'shake-down' tactics with the same reckless abandon against other victims.

Pursuant to this Court's inherent authority, and for the reasons set forth herein, Steinmann respectfully requests an order awarding monetary sanctions against the Trustee, the Hausman Parties, and each of their various attorneys in the form of reasonable estimated attorney's fees and costs in an amount no less than $1,084.013.31, according to proof, and any further amount which the Court deems appropriately just to serve as an adequate deterrent from perpetration of similar bad conduct in the future.

## 2.    __BACKGROUND__

This Court already made clear findings about the Trustee/Hausman's adversary claims giving rise to the instant motion. On November 17, 2020, the Honorable Scott C. Clarkson issued a Memorandum Decision Granting Judgment on the Pleadings in Favor of the Defendants and Denying Plaintiffs' Motion to Amend Complaint ("Order re Judgment on the Pleadings") **[Doc. 300],** noting that the "**adversary proceeding was, from the first instance, misguided and perverse**." **[Doc. 300, at p. 33, lines 7-8].**

For the sake of efficiency and an already too-bloated court record, Steinmann does not repeat the detailed factual background underlying the instant request for sanctions. Instead, the 'Relevant Factual Background' portion of Steinmann's already-filed motion for sanctions under Rule 9011 **[Doc. 316]** is incorporated herein by this reference as if re-stated in full.

The following chart presents a non-exhaustive inventory of court filings and discovery events that display the extent of utterly thoughtless litigation waged against Steinmann, starting

on September 6, 2018, with the Trustee's filing of the inherently frivolous Adversary Complaint:

| Date | Event/Document | Description/Notes |
|---|---|---|
| 09/06/2018 | Adversary Complaint Filed [Dkt. 1] | |
| 11/8/2018 | Motion to Dismiss Adversary Proceeding [Dkt. 25] | |
| 1/15/2019 | Order Denying Defendants' Motion to Dismiss Complaint [Dkt. 49] | |
| 9/17/2019 | Notice of Motion and Motion to Intervene [Dkt. 122] | Motion to Intervene filed by attorney Hamid Rafatjoo on behalf of Interested Parties Hausman Holdings, LLC and David & Pamela Moellenhoff. |
| 9/17/2019 | Decl. of Hamid R. Rafatjoo in Support of Movants Hausman Holdings, LLC and David and Pamela Moellenhoff's Motion to Intervene [Dkt. 123] | Mr. Rafatjoo supports the Movants' Motion to Intervene stating, among other things, *"[i]ndeed, absent the prosecution and recovery of thee Debtor's fraudulently transferred interest in the Steinmann Family Trust, the Estate almost certainly will not have sufficient assets to meaningfully satisfy any of the Debtor's creditors, much less the $4,594,473 million Non-Dischargeable Judgment Movants obtained in response to the Debtor's commission of her intentional and malicious fraud."* [Dkt. 123, ¶ 11] |
| 9/17/2019 | Decl. of Jeffrey Golden in Support of Movants Hausman Holdings, LLC and David and Pamela Moellenhoff's Motion to Intervene [Dkt. 124] | Mr. Golden supports the Movants' Motion to Intervene stating, among other things, *"the Trustee and the Firm's resources have been severely impacted by the multiplicity of actions, objections, motions, and overall lack of cooperation by the Debtor, members of her family, and related third parties like Norio." [Dkt. 124, ¶3]. "Indeed, absent the prosecution and recovery of the Debtor's fraudulently transferred interest in the Steinmann Family Trust, the Estate almost certainly will not have sufficient assets to meaningfully satisfy all of the Debtor's creditors."* [Dkt. 124, ¶ 4]. |
| 2/5/2020 | Plaintiff Thomas H. Casey's Request for Production Documents (Set One) to Defendant Eric Steinmann | Jeff Golden on behalf of Chapter 7 Trustee, Thomas Casey, propounds 135 requests for production to Eric Steinmann (RFP 1-135) |
| 2/14/2020 | Plaintiff Thomas H. Casey's Request for Production Documents (Set Two) to Defendant Eric Steinmann | Jeff Golden on behalf of Chapter 7 Trustee, Thomas Casey, propounds 43 additional requests for production to Eric Steinmann (RFP 136-178) |
| 2/14/2020 | Notice of Subpoena to Produce Documents to NTCH-CA, Inc. | Plaintiff Thomas H. Casey, as Chapter 7 Trustee through his legal counsel filed third party subpoenas against corporations related to or perceived to be related primarily to Eric Steinmann. |
| 2/14/2020 | Notice of Subpoena to Produce Documents to NTCH-NM, LLC | Plaintiff Thomas H. Casey, as Chapter 7 Trustee through his legal counsel filed third party subpoenas against corporations related to or perceived to be related primarily to Eric |

MOTION FOR SANCTIONS PURSUANT TO THE COURT'S INHERENT AUTHORITY

| | | | Steinmann. |
|---|---|---|---|
| 2/14/2020 | Notice of Subpoena to Produce Documents to RIO-TEL, Inc. | | Plaintiff Thomas H. Casey, as Chapter 7 Trustee through his legal counsel filed third party subpoenas against corporations related to or perceived to be related primarily to Eric Steinmann. |
| 2/14/2020 | Notice of Subpoena to Produce Documents to Ally Finance Corporation | | Plaintiff Thomas H. Casey, as Chapter 7 Trustee through his legal counsel filed third party subpoenas against corporations related to or perceived to be related primarily to Eric Steinmann. |
| 2/14/2020 | Notice of Subpoena to Produce Documents to Clear9 Communications LLC | | Plaintiff Thomas H. Casey, as Chapter 7 Trustee through his legal counsel filed third party subpoenas against corporations related to or perceived to be related primarily to Eric Steinmann. |
| 2/14/2020 | Notice of Subpoena to Produce Documents to Clear Talk Holdings, Inc. | | Plaintiff Thomas H. Casey, as Chapter 7 Trustee through his legal counsel filed third party subpoenas against corporations related to or perceived to be related primarily to Eric Steinmann. |
| 2/14/2020 | Notice of Subpoena to Produce Documents to Craver Ranch, LLC | | Plaintiff Thomas H. Casey, as Chapter 7 Trustee through his legal counsel filed third party subpoenas against corporations related to or perceived to be related primarily to Eric Steinmann. |
| 2/14/2020 | Notice of Subpoena to Produce Documents to Green Flag Wireless, LLC | | Plaintiff Thomas H. Casey, as Chapter 7 Trustee through his legal counsel filed third party subpoenas against corporations related to or perceived to be related primarily to Eric Steinmann. |
| 2/14/2020 | Notice of Subpoena to Produce Documents to IAT Communications, Inc. | | Plaintiff Thomas H. Casey, as Chapter 7 Trustee through his legal counsel filed third party subpoenas against corporations related to or perceived to be related primarily to Eric Steinmann. |
| 2/14/2020 | Notice of Subpoena to Produce Documents to Nordic Telephone Company Ap5 | | Plaintiff Thomas H. Casey, as Chapter 7 Trustee through his legal counsel filed third party subpoenas against corporations related to or perceived to be related primarily to Eric Steinmann. |
| 2/14/2020 | Notice of Subpoena to Produce Documents to NTCH Colorado LLC | | Plaintiff Thomas H. Casey, as Chapter 7 Trustee through his legal counsel filed third party subpoenas against corporations related to or perceived to be related primarily to Eric Steinmann. |
| 2/14/2020 | Notice of Subpoena to Produce Documents to NTCH-Idaho, Inc. | | Plaintiff Thomas H. Casey, as Chapter 7 Trustee through his legal counsel filed third party subpoenas against corporations related to or perceived to be related primarily to Eric Steinmann. |
| 2/14/2020 | Notice of Subpoena to Produce Documents to NTCH-Texas, Inc. | | Plaintiff Thomas H. Casey, as Chapter 7 Trustee through his legal counsel filed third party subpoenas against corporations related to or perceived to be related primarily to Eric Steinmann. |
| 2/14/2020 | Notice of Subpoena to Produce Documents to NTCH-WA, Inc. | | Plaintiff Thomas H. Casey, as Chapter 7 Trustee through his legal counsel filed third party subpoenas against corporations related to or perceived to be related primarily to Eric Steinmann. |
| 2/14/2020 | Notice of Subpoena to Produce Documents to NTCH, Inc. | | Plaintiff Thomas H. Casey, as Chapter 7 Trustee through his legal counsel filed third party subpoenas against corporations related to or perceived to be related primarily to Eric |

MOTION FOR SANCTIONS PURSUANT TO THE COURT'S INHERENT AUTHORITY

| | | | Steinmann. |
|---|---|---|---|
| | 2/14/2020 | Notice of Subpoena to Produce Documents to WGH Communications, Inc. | Plaintiff Thomas H. Casey, as Chapter 7 Trustee through his legal counsel filed third party subpoenas against corporations related to or perceived to be related primarily to Eric Steinmann. |
| | 3/17/2020 | Chapter 7 Trustee's Motion for Order Authorizing the Trustee To: (1) Incur Debt Pursuant to 11 U.S.C.§ 364(d); and (2) Enter Into Transactions Outside the Ordinary Course of Business Pursuant to 11 U.S.C. § 363(b)  [Bkt. Dkt. 798] | Plaintiff Thomas H. Casey, as Chapter 7 Trustee through his legal counsel filed a Motion seeking authorization to incur debt in the amount of $250,000 from the Intervenors. In the Decl. in Support, Ch. 7 Trustee Thomas H. Casey states, *"I believe entering into the Agreement with Plaintiffs is necessary and appropriate in order to provide a means of continuing the investigation and pursuit of assets.  This Agreement is fair and reasonable, and is in the best interests of the Estate and creditors."* [Bkt. Dkt. 798 p. 9, ¶ 8]. |
| | 7/30/2020 | Plaintiff Thomas H. Casey's Request for Production Documents (Set Three) to Defendant Eric Steinmann | Jeff Golden on behalf of Chapter 7 Trustee, Thomas Casey, propounds 5 additional requests for production to Eric Steinmann (RFP 176-180) (sic) (Note: there were two RFP 176, 177 and 178 for a total of 183 requests for production to Eric Steinmann) |
| | 7/30/2020 | Plaintiff Thomas H. Casey's Request for Production of Documents (Set One) to Defendant Lora Rae Steinmann | Jeff Golden on behalf of Chapter 7 Trustee, Thomas Casey, propounds 64 requests for production to Lora Rae Steinmann (RFP 1-64) |
| | 9/18/2020 | Notice of Subpoena Directed to & Served Upon Transamerica Life Insurance Company [Dkt. 202] | Hamid Rafajoo filed Notice of Subpoena on behalf of Interested Parties Hausman Holdings, LLC and David & Pamela Moellenhoff.  This was successfully quashed on 11/17/2020 [Dkt. 302]. |
| | 9/18/2020 | Notice of Subpoena Directed to & Served Upon Principal Life Insurance Company. [Dkt. 203] | Hamid Rafajoo filed Notice of Subpoena on behalf of Interested Parties Hausman Holdings, LLC and David & Pamela Moellenhoff. This was successfully quashed on 11/17/2020 [Dkt. 302]. |
| | 9/18/2020 | Notice of Subpoena Directed to & Served Upon Pacific Life Insurance Company [Dkt. 204] | Hamid Rafajoo filed Notice of Subpoena on behalf of Interested Parties Hausman Holdings, LLC and David & Pamela Moellenhoff. This was successfully quashed on 11/17/2020 [Dkt. 302]. |
| | 9/18/2020 | Notice of Subpoena Directed to & Served Upon Huntertown Farm, LLC [Dkt. 205] | Hamid Rafajoo filed Notice of Subpoena on behalf of Interested Parties Hausman Holdings, LLC and David & Pamela Moellenhoff. This was successfully quashed on 11/17/2020 [Dkt. 302]. |
| | 9/18/2020 | Notice of Subpoena Directed to & Served Upon Morgan Stanley Smith Barney Holdings, LLC [Dkt. 206] | Hamid Rafajoo filed Notice of Subpoena on behalf of Interested Parties Hausman Holdings, LLC and David & Pamela Moellenhoff. This was successfully quashed on 11/17/2020 [Dkt. 302]. |

MOTION FOR SANCTIONS PURSUANT TO THE COURT'S INHERENT AUTHORITY

| 9/18/2020 | Notice of Subpoena Directed to & Served Upon Ally Finance Corporation [Dkt. 207] | Hamid Rafajoo filed Notice of Subpoena on behalf of Interested Parties Hausman Holdings, LLC and David & Pamela Moellenhoff. This was the *second* Subpoena served on Ally Finance Corporation. (see 2/14/2020 entry above). This was successfully quashed on 11/17/2020 [Dkt. 302]. |
|---|---|---|
| 9/18/2020 | Notice of Subpoena Directed to & Served Upon NTCH, Inc. [Dkt. 208] | Hamid Rafajoo filed Notice of Subpoena on behalf of Interested Parties Hausman Holdings, LLC and David & Pamela Moellenhoff.  This was the *second* Subpoena served on NTCH, Inc. (see 2/14/2020 entry above). This was successfully quashed on 11/17/2020 [Dkt. 302]. |
| 9/18/2020 | Notice of Subpoena Directed to & Served Upon Joe Sofio [Dkt. 209] | Hamid Rafajoo filed Notice of Subpoena on behalf of Interested Parties Hausman Holdings, LLC and David & Pamela Moellenhoff. This was successfully quashed on 11/17/2020 [Dkt. 302]. |
| 9/21/2020 | Emergency Motion to Limit Access to Incorrectly Filed Documents and Decl. of Hamid R. Rafatjoo in Support Thereof [Dkt. 211] | Jeffrey Golden, Attorney for Chapter 7 Trustee, Thomas H. Casey and Hamid Rafatjoo, on behalf of Interested Parties Hausman Holdings, LLC and David & Pamela Moellenhoff filed a motion to remove the notices of subpoena from the public docket because **confidential information subject to the *Order Approving Stipulated Protective Order* [Dkt. 168] was improperly disclosed** as attachments to certain subpoena notices from 9/18/2020 |
| 9/24/2020 | Plaintiffs' Notice of Deposition of Thomas Steinmann Pursuant to Fed. R. Civ. P. 30(a)(1) and 45 and Fed. R. Bankr. P. 7030 and 9016 | Plaintiffs served Thomas Steinmann with a notice for deposition.  His deposition was taken on or about 10/10/2020. |
| 9/24/2020 | Plaintiffs' Notice of Deposition of Susanna Steinmann Wilson Pursuant to Fed. R. Civ. P. 30(a)(1) and 45 and Fed. R. Bankr. P. 7030 and 9016 | Plaintiffs served Susanna Steinmann Wilson with a notice for deposition. Her deposition was taken on or about 10/6/2020. |
| 9/24/2020 | Plaintiffs' Notice of Deposition of Jeffrey Steinmann Pursuant to Fed. R. Civ. P. 30(a)(1) and 45 and Fed. R. Bankr. P. 7030 and 9016 | Plaintiffs served Jeffrey Steinmann with a notice for deposition.  His deposition was taken on or about 10/5/2020. |
| 9/29/2020 | Plaintiffs' Notice of Deposition of Katy Steinmann Belknap Pursuant to Fed. R. Civ. P. 30(a)(1) and Fed. R. Bankr. P. 7030 and 9016 | Plaintiffs served Katy Steinmann Belknap with a notice for deposition.  Her deposition was taken on or about 10/12/2020. |
| 9/29/2020 | Emergency Motion to Quash, or in the | Motion to quash Plaintiffs' eight subpoenas dated 9/18/2020. Motion granted 11/17/2020 [Dkt. 302]. |

| | | | |
|---|---|---|---|
| | | Alternative, Motion for Protective Order, Concerning Plaintiffs' Subpoenas [Dkt. 217] | |
| | 9/30/2020 | Plaintiff and Intervenors File Motion for Terminating Sanctions against all Defendants [Dkt. 222] | As the Court's Order Denying Motion for Terminating Sanctions [Dkt. 301] has thoroughly addressed, "*the Motion is quite vague with respect to identification of each of the Defendants in this adversary proceeding who have allegedly committed sanctionable discovery activities related to this adversary proceeding.  There are eleven separate defendants and the Motion desires that each of these defendants suffer the striking of their respective answer and have the Court enter default.*"  Furthermore, counsel for the two sets of sibling defendants tried to clarify who should have to respond to the motion as it only raised issues against Lora and Eric Steinmann, but the siblings were required to file their own oppositions to the Motion, duplicating efforts and increasing costs. |
| | 10/1/2020 | Plaintiffs' Notice of Deposition of Teresa Steinmann Stapleton Pursuant to Fed. R. Civ. P. 30(a)(1) and Fed. R. Bankr. P. 7030 and 9016 | Plaintiffs served Teresa Steinmann Stapleton with a notice for deposition.  Her deposition was taken on or about 10/15/2020. |
| | 10/2/2020 | Order Setting Hearing Sua Sponte on Motion for Judgment on the Pleadings and Establishing Briefing Schedule | Defendants must file Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c) by 10/14/2020.  Hearing was set for 11/4/2020 [Dkt. 234]. |
| | 10/6/2020 | Plaintiffs' Notice of Subpoena Directed to and Served Upon Joseph Sofio | Plaintiffs served Joseph Sofio with a subpoena for deposition.  His deposition was taken on or about 10/23/2020. |
| | 10/6/2020 | Plaintiffs' Notice of Deposition of Mary Sypkens Steinmann Pursuant to Fed. R. Civ. P. 30(a)(1) and Fed. R. Bankr. P. 7030 | Plaintiffs served Mary Sypkens Steinmann with a notice for deposition.  Her deposition was taken on or about 10/19/2020. |
| | 10/6/2020 | Plaintiffs' Notice of Deposition of John Steinmann Pursuant to Fed. R. Civ. P. 30(a)(1) and Fed. R. Bankr. P. 7030 | Plaintiffs served John Steinmann with a notice for deposition.  His deposition was taken on or about 10/26/2020 |
| | 10/8/2020 | Plaintiffs' Notice of Continued 2004 Examination of Lora Rae Steinmann | Plaintiffs served Lora Rae Steinmann with a notice for continued 2004 Examination.  Her further deposition was taken on or about 10/20/2020. |

MOTION FOR SANCTIONS PURSUANT TO THE COURT'S INHERENT AUTHORITY

| | | Pursuant to Fed. R. Bankr. P. 2004 and LBR 20004 | |
|---|---|---|---|
| | 10/8/2020 | Plaintiffs' Notice of Continued 2004 Examination of Eric Steinmann Pursuant to Fed. R. Bankr. P. 2004 and LBR 20004 | Plaintiffs served Eric Steinmann with a notice for continued 2004 Examination. His further deposition was taken on or about 10/28/2020. |
| | 10/8/2020 | Amended Notice of Deposition of Heinz J. Steinmann Pursuant to Fed. R. Civ. P. 30(a)(1) and Fed. R. Bankr. P. 7030 | Plaintiffs served Heinz J. Steinmann with a notice for deposition. His deposition was taken on or about 10/22/2020 |
| | 10/15/2020 | Motion to Dismiss Adversary Proceeding as to Claims 1, 4 and 5 filed by Plaintiff Thomas H. Casey [Dkt. 268] | Mr. Golden, on behalf of Plaintiff Chapter 7 Trustee, Thomas H. Casey filed motion to dismiss the three claims that Intervenors were not allowed to intervene in. [Dkt. 268]. Mr. Golden states, "*while Claims 1, 4, and 5 of the complaint in the above captioned action ("Complaint") are meritorious claims, the Trustee believes he can effectively achieve relief and attain the same result by relying solely upon Claim 2 which seeks the imposition of a resulting trust and Claim 3 which seeks related declaratory relief. The Trustee has therefore determined that dismissing claims 1, 4, and 5 are in the best interest of the estate.*" |
| | 10/20/2020 | Subpoena Directed to & Served on Bank of America | Subpoena served by Plaintiffs' referenced in Stipulation Suspending Production/Responses of Third-Party Subpoenas [Dkt. 288]. These subpoenas were quashed [Dkt. 302]. |
| | 10/20/2020 | Subpoena Directed to & Served on Desert Community Bank, a division of Flagstar | Subpoena served by Plaintiffs' referenced in Stipulation Suspending Production/Responses of Third-Party Subpoenas [Dkt. 288]. These subpoenas were quashed [Dkt. 302]. |
| | 10/20/2020 | Subpoena Directed to & Served on JP Morgan Chase | Subpoena served by Plaintiffs' referenced in Stipulation Suspending Production/Responses of Third-Party Subpoenas [Dkt. 288]. These subpoenas were quashed [Dkt. 302]. |
| | 10/20/2020 | Subpoena Directed to & Served on Morgan Stanley Smith Barney Holdings, LLC | Subpoena served by Plaintiffs' referenced in Stipulation Suspending Production/Responses of Third-Party Subpoenas [Dkt. 288]. These subpoenas were quashed [Dkt. 302]. |
| | 10/20/2020 | Subpoena Directed to & Served on Pacific Premier Bank | Subpoena served by Plaintiffs' referenced in Stipulation Suspending Production/Responses of Third-Party Subpoenas [Dkt. 288]. These subpoenas were quashed [Dkt. 302]. |
| | 10/20/2020 | Subpoena Directed to & Served on MUFG Union Bank, N.A. | Subpoena served by Plaintiffs' referenced in Stipulation Suspending Production/Responses of Third-Party Subpoenas [Dkt. 288]. These subpoenas were quashed [Dkt. 302]. |
| | 10/20/2020 | Subpoena Directed to & Served on Wells Fargo | Subpoena served by Plaintiffs' referenced in Stipulation Suspending Production/Responses of Third-Party Subpoenas [Dkt. 288]. These subpoenas were quashed [Dkt. 302]. |
| | 10/20/2020 | Subpoena Directed to & Served on Zions Bancorporation | Subpoena served by Plaintiffs' referenced in Stipulation Suspending Production/Responses of Third-Party Subpoenas [Dkt. 288]. These subpoenas were quashed [Dkt. 302]. |

MOTION FOR SANCTIONS PURSUANT TO THE COURT'S INHERENT AUTHORITY

| 11/17/2020 | Memorandum of Decision Granting Judgment on the Pleadings in Favor of The Defendants and Denying Plaintiffs' Motion to Amend Complaint [Dkt. 300] | Judge Clarkson dismisses the Adversary Case in a well-reasoned 35-page order that was not appealed. |
|---|---|---|
| 11/17/2020 | Order Denying Motion for Terminating Sanctions [Dkt. 301] | As the court noted, "[*i*]*ronically, while the Plaintiff desires to impose terminating sanctions on all of the Defendants, in another motion they also seek to dismiss three of the five pending causes of action in their Complaint, including their primary cause of action for avoidance of a fraudulent transfer.*" [Dkt. 301, p. 2, n. 1] |
| 11/17/2020 | Order Granting Motion to Quash [Dkt. 302] | As the court noted, "*the scope of the requested materials date back almost twenty years*" and that "*the Court finds no legitimate purpose or relevancy to the subject discovery with respect to the Complaint, and the subpoenas are overbroad.*" [Dkt. 302, p. 3]. |
| 11/17/2020 | Order Denying Motion to Dismiss Claims [Dkt. 303] | |

## 3.  **ARGUMENT**

In *Roadway Express, Inc. v. Piper*, 447 U.S. 752 (1980), the Supreme Court addressed how federal courts may impose sanctions under their inherent authority. It acknowledged "ample grounds for recognizing[] . . . that in narrowly defined circumstances federal courts have inherent power to assess attorney's fees against counsel[,]" observing that the general rule that a litigant cannot recover his attorney fees "does not apply when the opposing party has acted in bad faith[,]" and federal courts have the inherent power to levy sanctions, including attorney fees, for "… when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. . . ." *Id.* at 765-766.

///

///

///

MOTION FOR SANCTIONS PURSUANT TO THE COURT'S INHERENT AUTHORITY

### A.  Bankruptcy Court's Inherent Authority to Sanction Bad Faith Conduct[3].

The Ninth Circuit has stated: "The inherent sanction authority allows a bankruptcy court to deter and provide compensation for a broad range of improper litigation tactics." *Knupfer v. Lindblade* (*In re Dyer*), 322 F.3d 1178, 1196 (9th Cir. 2003)(citing *Fink v. Gomez*, 239 F.3d 989, 992-993 (9th Cir. 2001)). However, before imposing sanctions under its inherent authority, a bankruptcy court must find either bad faith, conduct tantamount to bad faith, or recklessness with an "additional factor such as frivolousness, harassment, or an improper purpose." *Fink v. Gomez*, 239 F.3d at 994; see also Black's Law Dictionary (11th ed. 2019) (defining "bad faith" as "Dishonesty of belief, purpose, or motive").

In evaluating sanctions for bad faith under inherent authority, the Bankruptcy Appellate Panel of the Ninth Circuit has stated that bad faith "consists of something more egregious than mere negligence or recklessness." *Cunningham v. Jacobson* (*In re Jacobson*), 2009 WL 7751428, at 15 (9th Cir. BAP 2009). The bankruptcy court, therefore, "must make an explicit finding" of bad faith or similarly egregious conduct to support the imposition of sanctions pursuant to its inherent authority. *In re Dyer*, 322 F.3d at 1196 (citing *Fink v. Gomez*, 239 F.3d at 992-993); see also, *Primus Automotive Financial Services, Inc. v. Batarse*, 115 F.3d 644, 648 (9th Cir. 1997); *United States v. Stoneberger*, 805 F.2d 1391, 1393 (9th Cir. 1986).

*Fink v. Gomez* confirms that a district court has authority under its inherent power to impose sanctions when an attorney has made reckless misstatements of law and fact for an improper purpose. 239 F.3d at 990. There, Mr. Fink, an inmate at the California Institute for Men, was seriously injured after an altercation with guards whom he later sued for civil rights violations. *Id.* An attorney representing the guard defendants in Mr. Fink's civil rights case made

---

[3] Plaintiffs are well aware of the availability of sanctions pursuant to the Court's inherent authority.  In fact, on September 30, 2020, they filed a robust motion against Steinmann entitled, "Intervenors' and Trustee's Joint Notice of Motion and Motion for Terminating Sanctions, etc., and the Supporting Declarations of Jeffrey Golden and Hamid Rafatjoo."  [Doc. No. 222].  In their Motion for Sanctions, from pages 15 through 25 Plaintiffs disingenuously appealed to this Court on public policy considerations to underscore the appropriateness of imposing sanctions.  Plaintiffs cited to bad faith litigation conduct, public interest in expeditious resolution of litigation, the Court's need to manage its docket, prejudice to the other parties, public policy favoring disposition on the merits, and more.

1  "various misrepresentations" of the facts and California law to the district court. *Id*. at 990-991.

2  Specifically, the guards' attorney falsely asserted that State law required that the California

3  Department of Corrections hold another disciplinary hearing, despite the district court's

4  conditional judgment precluding one. *Id*. at 990. In reliance on the attorney's representations, the

5  district court did not enjoin the new disciplinary hearing, stating that Mr. Fink would suffer no

6  adverse consequences as a result of the new hearing. However, the new disciplinary hearing went

7  forward and resulted in substantial adverse consequences to Mr. Fink. *Id*.

8      As a result of the attorney's misbehavior, the district court sua sponte issued an order to

9  show cause why the attorney should not be sanctioned for misstating California law and other

10  facts. *Id*. at 991. The district court found that the attorney advanced meritless claims under

11  California law because a new disciplinary hearing was not required, and the attorney had in fact

12  orchestrated it "in bad faith with a view to gaining an advantage in [her] case." *Id*. However, the

13  district court decided *not* to impose sanctions due to uncertainty in the case law that some

14  opinions of the Ninth Circuit indicated that only subjective bad faith was sanctionable, while

15  other opinions implied that recklessness or objective bad faith would suffice.

16      Mr. Fink appealed and the Ninth Circuit reversed, stating that the district court abused its

17  discretion in misapprehending the scope of its inherent authority to impose sanctions. *Id*. at 994. It

18  concluded further that 'improper purpose' is alone sufficient to support a finding of bad faith. *Id*.

19  at 992. It held that mere recklessness is not sufficient for a court to sanction under its inherent

20  authority but recognized that "[s]anctions are available for a variety of types of willful actions,

21  including recklessness when combined with an additional factor such as frivolousness,

22  harassment, or an improper purpose." *Id*. at 993-994.

23      **i.    Frivolousness.**

24      In *Moore v. Keegan Management Company (In re Keegan Management Company Securities

25  Litigation)*, 78 F.3d 431 (9th Cir. 1996), the Ninth Circuit observed: "[t]he word 'frivolous' does not

26  appear anywhere in the text of [] Rule [11]; rather, it is a shorthand that this court has used to denote

27  a filing that is *both* baseless *and* made without a reasonable and competent inquiry." *Id*. at 434. *See

28  also Christian v. Mattel, Inc.,* 286 F.3d 1118, 1127 (9th Cir. 2002); *accord, Thompson v.*

*Massarweh,* 2017 WL 6316816, at 1 (N.D. Cal. 2017) (citing *inter alia*, *Christian v. Mattel, Inc.,* 286 F.3d at 1127). Generally, the Ninth Circuit has adopted an ordinary meaning of frivolous, meaning "groundless . . . with little prospect of success; often brought to embarrass or annoy the defendant." *United States v. Braunstein,* 281 F.3d 982, 995 (9th Cir. 2002).

It is appropriate for this Court to consider authorities interpreting Rule 11 in determining whether sanctions should be imposed here (under the Court's inherent authority) for bad faith conduct involving frivolousness. See, for example, *In re DeVille*, 361 F.3d at 552.  Likewise, in *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir.1990), the Ninth Circuit held that sanctions against attorneys are appropriate where the attorney presents "frivolous pleadings" and a finding that "there was no reasonable inquiry into either the facts or the law is tantamount to a finding of frivolousness." *Id*.

Here, the causes of action alleged in the Adversary Complaint against Steinmann were objectively frivolous and unwarranted by existing law because, as this Court acknowledged, an unvested interest in a revocable *inter vivos* trust does not constitute property. (*See also, Zimmermann v. Spencer (In re Spencer)*, 306 B.R. 328 (Bankr. C.D. Cal. 2004)).  To avoid restating the underlying legal analysis in full, Steinmann respectfully refers to and incorporates by this reference the sections set forth in the contemporaneous Rule 9011 Motion at page 6, section "B" entitled "This Unmeritorious Adversary Against 11 Members of Debtor's Family Including Debtor's 80+ Year Old Parents." **[Doc. 316].**

**ii.    Recklessness.**

In the context of sanctions based upon misrepresentations to a court, the Ninth Circuit has defined recklessness as "a departure from ordinary standards of care that disregards a known or obvious risk of material misrepresentation." *Thomas v. Girardi (In re Girardi),* 611 F.3d 1027, 1038 n. 4 (9th Cir.2010). Recklessness thus involves an unreasonable departure from the ordinary standard of care where the actor had to have been aware of the risks in her behavior. *See id.* (citing *Prescod v. AMR, Inc.*, 383 F.3d 861, 870 (9th Cir. 2004) (per curiam) (applying California tort law identifying recklessness where "the actor has intentionally done an act of an unreasonable character in disregard of a risk known to him or so obvious that he must be taken to have been aware of it, and so great as

1  to make it highly probable that harm would follow"); *Hollinger v. Titan Capital Corp.*, 914 F.2d

2  1564, 1568-1569 (9th Cir. 1990).

3      Here, recklessness is apparent through the high risk of predictable harm against Steinmann in

4  the form of substantial litigation defense fees/costs. That resultant harm was obvious and practically

5  certain to result from the filing and active prosecution of an Adversary Complaint premised upon a

6  grotesque misapplication of law.  The level of recklessness is heightened by the fact that Plaintiffs

7  and their lawyers were given the benefit of a statutory safe-harbor period of 21-days after service of

8  the draft motion for sanctions under Rule 9011. Steinmann articulated in painstaking detail the legal

9  and factual reasons why Trustee/Intervening Creditors should withdraw the claims.  Despite that,

10  they pressed forward until this Court eventually entered judgment.  Tellingly, they never appealed.

11      **iii.    Improper Purpose.**

12      Rule 11 guides that improper purposes that justify sanctions include harassment and causing

13  "unnecessary delay," or "needlessly increase[ing] the cost of litigation," among others. Federal Rule

14  of Civil Procedure 11.  Movant submits that the entire pendency of this adversary proceeding was,

15  by its nature, the cause of unnecessary delay and consumption of time/resources.  As this Court

16  observed on October 2, 2020, during oral argument on Steinmann's Emergency Motion to Quash

17  Subpoenas, "…there's absolutely no saving time in this case…This case should have gone away a

18  long time ago." (Hearing Transcript dated 10/2/2020, p. 36, lines 13-14 and 16-17).

19      In *Bader v. Itel Corporation (In re Itel Securities Litigation),* 791 F.2d 672 (9th Cir. 1986),

20  the Ninth Circuit found that the improper purpose warranting sanctions was "the attempt to gain

21  tactical advantage in another case." *Fink v. Gomez,* 239 F.3d at 992 (citing *In re Itel Securities*

22  *Litigation,* 791 F.2d at 675). Bankruptcy courts have also determined that bad faith is shown by

23  pursuing litigation for an improper purpose such as a tactical advantage. *Skies Unlimited, Inc. of*

24  *Colorado v. King,* 72 B.R. 536, 539 (Bankr. D. Colo. 1987).

25      Because the Plaintiff's claims were objectively frivolous, the Complaint was *on its face*

26  presented for an improper purpose. Although movants acknowledge that the relevant standard for an

27  improper purpose as to the filing of a complaint is an objective one, this Complaint was obviously

28  filed because Debtor's parents and siblings are perceived as wealthy individuals with the financial

ability to pay a substantial settlement even for claims that have no legal merit. Nothing more than an attempted shakedown, Plaintiffs and their counsel treated the adversary case as a mere collection tool to bludgeon the Debtor and her entire family.

**B.      Counsel May be Sanctioned for Bad Faith Conduct.**

The Supreme Court in *Roadway Express*, supra, emphatically pointed out that "[i]f a court may tax counsel fees against a party who has litigated in bad faith, it certainly may assess [attorney fee sanctions] against counsel who willfully abuse judicial processes." *Id*. at 766; see also *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991) (reaffirming the principles set forth in *Roadway Express, supra*). Simply put, sanctions are appropriate where the Court finds reckless litigation conduct coupled with frivolous arguments and action. (See *In re De Jesus Gomez*, 592 B.R. 698, 708 (B.A.P. 9th Cir., 2018)

There is an important distinction to be drawn between zealous advocacy and frivolous, reckless advocacy. Here, the Trustee's counsel and the Intervening Creditor's Counsel crossed that line by filing baseless legal claims in contravention of well-settled legal principles, that were brought to their attention early on in this process or they were familiar[4] with prior to the filing of the Adversary Case. In doing so, these attorneys departed from the ordinary standard of care and knew or should have known that the risk of harm to Steinmann would be high in having to expend resources to rebut the unfounded notion that the Debtor fraudulently transferred a vested property right.

Long before Steinmann served Plaintiffs and their counsel with the Rule 9011 Safe Harbor motion, they had already sent a detailed warning letter along the same lines.  On September 27, 2018 – within a few weeks after the Adversary Complaint was filed -- counsel for Lora and Heinz Steinmann sent Jeffrey Golden (Counsel for the Plaintiff Trustee) explaining in no uncertain terms that "The claims and legal contentions contained in the pleading filed in this case are not warranted

---

[4] In *Kosmala v. Cook (In re Cook)*, 2008 Bankr. LEXIS 4728 (9th Cir. BAP 2008),[4] the Ninth Circuit BAP rejected another Central District of California bankruptcy trustee's argument that a debtor's interest in a revocable trust at the time of filing was property of the estate. Most notably, counsel for the Trustee in that case, Jeffrey Golden, is the same attorney for the Plaintiff Trustee here.

MOTION FOR SANCTIONS PURSUANT TO THE COURT'S INHERENT AUTHORITY

1    by existing law and, in fact, are contrary to existing law. [Declaration of Eric Steinmann in Support

2    of Motion for Sanctions Pursuant to the Court's Inherent Authority ("Steinmann Decl."), ¶2, Ex.

3    "A."].

4        At best, counsel failed to conduct a reasonable legal inquiry before bringing these frivolous

5    claims and forcing the court and Steinmann to undertake bothersome factual and legal investigation

6    in violation of the duty to adversaries to avoid needless legal costs and delay and to the legal system

7    to avoid clogging the court with arguments that wasted judicial time. *See Mars Steel Corp. v.*

8    *Continental Bank N.A.,* 880 F.2d at 932. *See* Rules of Professional Conduct of the State Bar of

9    California, Rule 3.3(a)(2) ("A lawyer shall not: . . . knowingly misquote to a tribunal the language of

10    a book, statute, decision or other authority").

11    **C.    Sanctions Under Rule 9011 Do Not Preclude Imposition of Sanctions Under**

12    **the Court's Inherent Authority**

13        The "inherent power of a court can be invoked even if procedural rules exist which sanction

14    the same conduct." *Chambers v. NASCO, Inc.*, 501 U.S. at 49.   In *Miller v. Cardinale (In re*

15    *DeVille*), 361 F.3d 539, 551 (9th Cir. 2004), the Ninth Circuit addressed the question of whether

16    imposition of sanctions under the court's inherent authority is precluded in a case where Rule 9011

17    sanctions may still be available to the aggrieved party, stating "the Supreme Court has emphatically

18    rejected the notion that the advent of . . . the sanctioning provisions in the Federal Rules of Civil

19    Procedure displaced the inherent power to impose sanctions for bad faith conduct." *In re DeVille*,

20    361 F.3d at 551 (citing *Chambers v. NASCO, Inc.*, 501 U.S. at 49-50).

21        The Ninth Circuit further stated in DeVille that: "We agree with the BAP's conclusion that,

22    given the inadequacy of rules and statutes to sanction [the Appellants'] misconduct, the bankruptcy

23    court correctly relied upon its inherent power as a sanctioning tool." 361 F.3d at 551. Accordingly, a

24    bankruptcy court may exercise its inherent authority to sanction even when the disputed conduct

25    may also be sanctionable pursuant to Bankruptcy Rule 9011.

26        Unfortunately, Steinmann's options to try and recoup the losses caused by the Trustee,

27    Intervening Creditors, and their counsel are relatively limited. There is no question that the

28    Adversary Complaint was baseless and initiated without probable cause.  Filing suit for damages for

1   "malicious prosecution," however, is not an option due to federal preemption.  "A party aggrieved

2   by bad faith and malicious filings in bankruptcy court is limited to the remedies provided by the

3   Federal Bankruptcy Code and the Federal Rules of Bankruptcy Procedure." *Pauletto v. Reliance*

4   *Insurance Co.,* 64 Cal.App.4th 597, 606 (1998). An action for malicious prosecution regarding a

5   bankruptcy adversary proceeding alleging fraudulent conveyances is federally preempted. See *Satten*

6   *v. Webb*, 99 Cal.App.4th 365, 376 (2002); see also, *MSR Exploration v. Meridian Oil*, 74 F.3d 910,

7   913-14 (9th Cir. 1996) ("Although a preemption claim is asthenic [weak] when applied to cases

8   where there is concurrent state and federal jurisdiction over the underlying federal cause of action, it

9   becomes puissant [strong] when applied to bankruptcy.").

10      The legal inability of a victimized defendant to pursue malicious prosecution damages

11  against a Plaintiff Trustee following an adverse determination only emboldens the offenders.

12  Without the ability to sue for malicious prosecution and given the inapplicability of Rule 1927

13  sanctions against counsel in bankruptcy[5], the Court's ability to sanction pursuit to inherent authority

14  is all the more important.

15      **D.    Sanctions are Appropriate Under the Local Bankruptcy Rules**

16      Bankruptcy courts have the inherent authority to regulate the practice of attorneys who

17  appear before them. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-45 (1991) (federal courts are

18  vested with inherent power powers to manage their cases and courtrooms and to maintain the

19  integrity of the judicial system). Bankruptcy courts have express authority under the code to

20  sanction attorneys, *See* LBR 1001-1(f), FRBP 9011. Specifically, Rule 1001-1(f) of the Local

21  Bankruptcy Rules for the Central District of California ("LBR") provides:

22      "**Sanctions for Noncompliance with Rules**. The failure of counsel of a party
        to comply with these Local Bankruptcy Rules, with the F.R.Civ.P. or the
23      FRBP, or with any order of the court may be grounds for the imposition of
        ***sanctions pursuant*** to applicable law, including the Bankruptcy Code, the
24      F.R.Civ.P., the FRBP, and the ***inherent powers of the court***."
        LBR 1001-1(f). [Emphasis Added].
25

26

27  _____

28  [5] Although there is a circuit split, the Ninth Circuit quoted with approval the BAP's summary that "28
    U.S.C. § 1927 does not suffice because the Ninth Circuit does not regard a bankruptcy court as a 'court of
    the United States.'" (*In re DeVille,* 361 F.3d 539, 546 (9th Cir. 2004)).

Further, LBR 9011-3(a) provides:

> **Violation of Rules**: The violation of, or failure to conform to, the FRBP or these rules may subject the offending party or counsel to ***penalties, including monetary sanctions, the imposition of costs and attorneys' fees payable to opposing counsel***, and/or dismissal of the case or proceeding.
> LBR 9011-3(a). [Emphasis Added].

A local rule of bankruptcy procedure cannot be applied in a manner that conflicts with the federal rules; it must be consistent with the Code, the Rules and the Civil Rules. *Anwar v. Johnson*, 720 F.3d 1183, 1189 (9th Cir. 2013). Local bankruptcy rules may not "enlarge, abridge, or modify any substantive right." *Id.*

Here, as set forth above, Plaintiffs have violated the law by filing a frivolous complaint for claims unwarranted by existing law and for an improper purpose and continued to needlessly over litigate the same until it was finally dismissed after years of litigation and expense. Thus, the Court, consistent with Local Rule 1001-1 and LBR 9011-3, can impose appropriate sanctions against Plaintiffs and their legal counsel for such misconduct.

## 4.    SANCTIONS REQUEST

In *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017), the Supreme Court recognized that a bankruptcy court's inherent authority to sanction includes an "order . . . instructing a party that has acted in bad faith to reimburse legal fees and costs incurred by the other side." Such an order must be compensatory, however, not punitive; the court must "establish a causal link— between the litigant's misbehavior and legal fees paid by the opposing party." *Id.* Any award of attorneys' fees pursuant to the court's inherent authority therefore may only include the fees that the complaining party would not have paid but for the misconduct. *Id.* at 1187. In sum, "the award is . . . the sum total of the fees that, except for the misbehavior, would not have accrued." *Id.* (citation omitted).

"The customary method for assessing the amount of reasonable attorney's fees to be awarded in a bankruptcy case is the 'lodestar.' Under this approach, 'the number of hours reasonably expended' is multiplied by 'a reasonable hourly rate' for the person providing the services.'" *Wechsler v. Macke International Trade, Inc. (In re Macke International Trade, Inc.)*, 370 B.R. 236,

1  254 (9th Cir. BAP 2007) (citation omitted). A bankruptcy court has broad discretion to determine the

2  number of hours reasonably expended. *Id.*

3       If the Court decides to grant Steinmann's request for sanctions under either the Rule 9011

4  Motion or its inherent authority, Movant requests an opportunity to present additional evidence,

5  pursuant to a court-ordered hearing date and briefing schedule, in support of the request for sanctions

6  in the form of reasonable attorney's fees and costs in an amount in excess of $1,084,013.31.

7  [("Steinmann Decl."), ¶3].

8  **5.**   **CONCLUSION**

9       For the foregoing reasons, Steinmann respectfully requests an Order granting this Motion

10  and setting a hearing and briefing schedule for the parties to submit evidence in support of

11  Steinmann's request for reasonable fees/costs, and any additional amounts deemed necessary to

12  serve as an effective deterrent in the future.

13

14  Dated:  July 27, 2021               DIBENEDETTO, LAPCEVIC & DRAA LLP

15

16

17                              By: _____
                            Justin S. Draa, Attorney for Defendants

18                              LORA RAE STEINMANN; HEINZ H.
                            STEINMANN; ERIC STEINMANN,

19                              SUSANNA STEINMANN WILSON; THOMAS
                            STEINMANN; JOHN STEINMANN; MARY

20                              STEINMANN SYPKENS; TERESA
                            STEINMANN STAPLETON; KATY

21                              STEINMANN BELKNAP; JEFF
                            STEINMANN; and HEINZ J. STEINMANN

22

23

24

25

26

27

28

MOTION FOR SANCTIONS PURSUANT TO THE COURT'S INHERENT AUTHORITY

DocuSign Envelope ID: 504EE6CA-BG20-45EB-85EE-4CD036698418

# Declaration of Eric Steinmann

I, ERIC STEINMANN, declare as follows:

1.    I am an individual over 18 years of age and competent to make this Declaration. If called upon to do so, I could and would competently testify as to the facts set forth in this Declaration. The facts set forth below are true of my personal knowledge, and I make this Declaration in support of the motion for sanctions against Plaintiff, Creditors and their counsel under this Court's Inherent Authority.

2.    Attached hereto as **Exhibit "A"** is a true and correct copy of the letter sent on September 27, 2018, to Jeffrey Golden (Counsel for the Plaintiff Trustee) explaining that "The claims and legal contentions contained in the pleading filed in this case are not warranted by existing law and, in fact, are contrary to existing law."

3.    I am informed and believe that from September 6, 2018, through the present, my parents, siblings, and I have incurred a minimum amount of $1,084.013.31 in fees and costs associated with defending the above-captioned adversary case.


I declare under penalty of perjury that the foregoing is true and correct. Executed on July 27, 2021.

DocuSigned by:

*Eric Steinmann*

E6CB361BAF834D1...

ERIC STEINMANN

DocuSign Envelope ID: 504EE6CA-BG20-4EEB-85EE-4CD032698418

# EXHIBIT A

DocuSign Envelope ID: 504FE6CA-BG20-4FEB-85EE-4CD036698418

CLEARVIEW LAW

507 E. FIRST STREET
TUSTIN, CA 92780
949-955-2880

September 27, 2018

Jeffrey I. Golden, Esq.
WEILAND GOLDEN GOODRICH LLP
650 Town Center Drive, Suite 600
Costa Mesa, California 92626

      Re:    In re Andrea Downs
              <u>Casey v. Steinmann - Case No. 8:16-bk-12589-CB</u>

Dear Mr. Golden:

      We represent Lora Steinmann and Heinz Steinmann.  We have been provided with a copy of the complaint filed by Thomas H. Casey, Chapter 7 Trustee, against our clients and their children in the above-entitled matter.  It appears the complaint was filed on September 6, 2018 and served by mail on September 17, 2018.

      This letter shall serve as the demand on behalf of our clients that this pleading be withdrawn because the claims and legal contentions set forth therein are not warranted by existing law and appear to serve only to harass our clients.  If this pleading is not withdrawn, we intend to file a motion for sanctions under Federal Rules of Bankruptcy Procedure, Rule 9011 for violations of subdivision (b).  The claims and legal contentions contained in the pleading filed in this case are not warranted by existing law and, in fact, are contrary to existing law.

**1.  A Mere Expectancy of Inheritance is Not Considered Part of the Bankruptcy Estate**

      The law is abundantly clear that an owner of property is free to make a new will, change the beneficiary, or dispose of his or her property prior to his or her death. *See, e.g. Lassman v. McGuire (In re McGuire)* 209 B.R. 580, 580–584 (Bankr. D. Mass.

Jeffrey I. Golden, Esq.
September 27, 2018
Page 2

1997).  This case and others like it unequivocally establish the policy that a testator is under no obligation to make a decision to benefit of creditors of any bankruptcy estate and thus cannot be bound by the automatic stay when making decisions on how to dispose of his or her estate.

In *Lassman,* the court considered the merits of an adversarial proceeding filed by the Chapter 7 trustee seeking a determination that a codicil executed by the debtor's mother was "void as against public policy because it conditionality disinherited the [d]ebtor solely for the purpose of avoiding the provisions of 11 U.S.C. § 541(a)(5)." *Id.* at 580.  The court, however, determined that the debtor's mother was able to freely execute the codicil within her prerogative because "she had no duty to underwrite the creditors of her son's bankruptcy estate." *Id.*

Further, the Bankruptcy Code establishes that a simple expectancy of an inheritance does not constitute an asset of the bankruptcy estate.  11 U.S.C. § 541(A)(5) states in pertinent part that an asset of the estate includes any interest in property that would have been property of the estate only **if such interest had been an interest of the debtor** on the date of the filing of the petition, **and that the debtor acquires or becomes entitled to acquire within 180 days after such date by bequest, devise, or inheritance.** (Emphasis added).

In this instance, the debtor, Andrea Steinmann Downs, has never been entitled to acquire any such property through a bequest, inheritance or devise.  Because a testator may change his or her will freely and is not bound to underwrite bankruptcy creditors, no such expectancy was created here as neither of the testators have passed and created a vested interested in any estate assets at the time the Andrea Downs was removed as a beneficiary of our clients' estate.

### 2.  The Chapter 7 Trustee's Alleged Claims Are Not Warranted by Existing Law

As to the first claim for relief, there is no transfer to be avoided pursuant to 11 U.S.C. § 544(b)(1) because no transfer of an interest of the debtor in property or any obligation incurred by the debtor existed.  Thus, the Chapter 7 trustee's first claim for relief is not warranted by existing law and serves only to further harass my clients.

Regarding the second claim for relief, there is no basis for a claim for imposition of resulting trust because my clients were never holding title in any trust assets for the benefit of the debtor.  The debtor has no vested expectancy in any of our client's assets because a testator is free to make a new will, change the beneficiary, or dispose of the property prior to his or her death.  *See, e.g. Lassman v. McGuire (In re McGuire)* 209 B.R. 580, 580–584 (Bankr. D. Mass. 1997).  Because our clients are free to change the

DocuSign Envelope ID: 504EE6CA-BG2D-4FEB-85EE-4CD036694418

Jeffrey I. Golden, Esq.
September 27, 2018
Page 3

beneficiaries of their estate as they see fit and no vested expectancy has been created in
any trust assets for the debtor, the second claim for relief is not warranted by existing
law and serves only to further harass my clients.

Similarly, because no actual controversy exists here as the debtor has no vested
expectancy in any trust assets, a judicial declaration that the trust assets are property of
the estate, as requested by the third claim for relief, is contrary to existing law and this
claim is similarly without merit.

As to the fourth claim for relief, because no transfer of an interest of the debtor in
property or any obligation incurred by the debtor exits in this case, any cause of action
under 11 U.S.C. § 551 is not warranted here under existing law.

Further, because all of the aforementioned claims are not warranted under
existing law, a claim for an award of attorney's fees here is entirely inappropriate.

Based on the foregoing, this letter shall serve as the demand by our clients that
this complaint be withdrawn within seven days of the date of this letter. If we do not
receive confirmation that the complaint has been withdrawn, we will begin filing a
motion for sanctions under Federal Rules of Bankruptcy Procedure, Rule 9011 for
violation of subdivision (b).

### 3.  The Summons and Complaint Was Not Timely Served

Finally, we note that it does not appear the summons and complaint received by
our clients were served in a timely manner.  The action appears to have been filed and
the summons issued on September 6, 2018, but the documents were not served by mail
until September 17, 2018 according to the proof of service. FRBP Rule 7004(e) provides:

"Service made under Rule 4(e), (g), (h)(1), (i), or (j)(2) F.R.Civ.P. shall be by
delivery of the summons and complaint **within 7 days** after the summons is
issued.  If service is by any authorized form of mail, the summons and complaint
shall be deposited in the mail **within 7 days** after the summons is issued. If a
summons is not timely delivered or mailed, another summons will be issued for
service."

Accordingly, although service may be authorized by mail in this matter, the
summons and complaint were not deposited in the mail until **11 days** after the
summons was issued.  As such, service is not considered timely and another summons
must be issued for service.

DocuSign Envelope ID: 504EE6CA-BG20-4EEB-85EE-4CD033698418

Jeffrey I. Golden, Esq.
September 27, 2018
Page 4


Alternatively, although we hope and anticipate that you will withdraw the pleading and we will not be required to file a motion pursuant to Rule 9011(b), should it become necessary to file a response to complaint after your consideration of the points made above, we suggest the parties stipulate to an order setting a due date for a response to the complaint approximately 30 days from October 9, 2018, in lieu of requiring plaintiff to request issuance of a new summons to address this procedural defect.

Please let us know your position by October 2, 2018.  If we have not received a response by that date, we will understand that to mean you will not withdraw the complaint and we will proceed accordingly.


Very truly yours,


Shannon Gallagher

SG/ns

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 1101 Pacific Ave., #320, Santa Cruz, California 95060

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF MOTION AND MOTION FOR SANCTIONS PURSUANT TO THE COURT'S INHERENT AUTHORITY; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ERIC STEINMANN IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **July 27, 2021**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**: On (*date*)  **, 2021**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)  **, 202**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: July 27, 2021        *RACHAEL SPENCER, Legal Assistant*

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                    **F 9013-3.1.PROOF.SERVICE**

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- Thomas H Casey (TR)    msilva@tomcaseylaw.com, thc@trustesolutions.net
- Beth Gaschen    bgaschen@wgllp.com,
  kadele@wgllp.com;vrosales@wgllp.com;cbmeeker@gmail.com;cyoshonis@wgllp.com
- Jeffrey I Golden    jgolden@wgllp.com,
  kadele@wgllp.com;vrosales@lwgfllp.com;cbmeeker@gmail.com
- Jeffrey M Goldman    goldmanj@pepperlaw.com, allenjs@pepperlaw.com
- Michael J Hauser    michael.hauser@usdoj.gov
- D Edward Hays    ehays@marshackhays.com, 8649808420@filings.docketbird.com
- Marshall J Hogan    mhogan@swlaw.com, semartinez@swlaw.com
- Gerald P Kennedy    gerald.kennedy@procopio.com,
  kristina.terlaga@procopio.com;calendaring@procopio.com;efile-bank@procopio.com
- Alan J Kessel    kessela@pepperlaw.com, philipsj@pepperlaw.com
- Kay S Kress    kressk@pepperlaw.com, henrys@pepperlaw.com
- Charity J Manee    charity@rmbklaw.com
- Laila Masud    lmasud@marshackhays.com, 8649808420@filings.docketbird.com
- Jennifer L Nassiri    jennifernassiri@quinnemanuel.com
- Aram Ordubegian    ordubegian.aram@arentfox.com
- Eric S Pezold    epezold@swlaw.com, scrisp@swlaw.com
- Hamid R Rafatjoo    hrafatjoo@raineslaw.com,
  bclark@raineslaw.com;cwilliams@raineslaw.com
- Faye C Rasch    frasch@wgllp.com, kadele@wgllp.com;tziemann@wgllp.com
- Daniel B Spitzer    dspitzer@spitzeresq.com
- Annie Y Stoops    annie.stoops@arentfox.com, yvonne.li@arentfox.com
- James E Till    jtill@btntlaw.com, maraki@btntlaw.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**